NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY JAMES MERRICK, | No. 17-15558 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00684-SPL-BSB |
| v. | |
| CHARLES L. RYAN, Warden, Director of the Arizona Department of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted December 18, 2017**

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Anthony James Merrick, an Arizona state prisoner, appeals pro se from the

district court's summary judgment and dismissal order in his 42 U.S.C. § 1983

action alleging deliberate indifference to his serious medical needs. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Merrick's request for oral argument, set forth in his reply brief, is denied.

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment on Merrick's deliberate indifference claim against defendant Dr. Barcklay-Dodson and defendant Ryan in his individual capacity because Merrick failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent in treating Merrick's spinal and back problems. See *Toguchi*, 391 F.3d at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; a mere difference in medical opinion is insufficient to establish deliberate indifference).

The district court properly granted summary judgment on Merrick's deliberate indifference claim against Ryan in his official capacity because Ryan is entitled to Eleventh Amendment immunity. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars damages actions against state officials in their official capacity).

The district court properly granted summary judgment on Merrick's claim for prospective relief because Merrick failed to raise a genuine dispute of material fact as to whether any official policy or custom caused a constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139-40 (9th Cir. 2012) (setting

forth the elements of a §1983 claim against a private entity performing a government function).

The district court properly dismissed Merrick's Americans with Disabilities Act ("ADA") claims because Merrick failed to allege facts showing that defendants discriminated against him because of a disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021-22 (9th Cir. 2010) (setting forth elements of ADA claim and explaining that "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability").

The district court properly dismissed Merrick's retaliation claim because Merrick failed to allege facts sufficient to show causation or that his speech was protected. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court did not abuse its discretion in denying Merrick's motion to supplement the pleadings under Rule 15 of the Federal Rules of Civil Procedure because supplementing the operative second amended complaint would have prejudiced defendants. *See Keith v. Volpe*, 858 F.2d 467, 473-75 (9th Cir. 1988) (setting forth standard of review and explaining that prejudice can justify the denial of a Rule 15(d) motion).

The district court did not abuse its discretion in denying Merrick's motion to appoint counsel because Merrick did not demonstrate exceptional circumstances.

3                                                    17-15558

*See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (standard of review and requirements for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**